UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ANG ESPINA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF VETERAN AFFAIRS, WEST CONSOLIDATED PATIENT ACCOUNT CENTER; and DOES 1 THROUGH 100, inclusive,<br><br>　　　　　Defendants. | No. 2:23-cv-02539-JAM-JDP<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT** |

   Before the Court is Department of Veteran Affair's ("the Department") motion to enforce the settlement agreement. See Mot., ECF No. 31.  Raul Ang Espina ("Plaintiff") does not oppose the Department's motion.  See Statement of Non-Opposition, ECF No. 33.  For the following reasons, the Department's motion is GRANTED.[1]

///

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for March 25, 2025.

1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff filed a lawsuit bringing claims as to his admonishment for poor work performance. See Compl., ECF No. 1; FAC, ECF No. 7. On August 21, 2024, the parties participated in a settlement conference before Magistrate Judge Jeremy D. Peterson. See ECF No. 19. The parties reached a settlement whereby Plaintiff's admonishment would be removed from his personnel file, a payment of $4,000 would be made to Plaintiff, Plaintiff would waive the provisions of California Civil Code Section 1542 except as to claims for unpaid overtime and/or other overtime allegations based in the Fair Labor Standards Act, and Plaintiff's claims in the FAC would be dismissed with prejudice. See Alyson Berg Decl., Ex. A 6:3-7:8. When Judge Peterson asked Plaintiff if he agreed to these terms, Plaintiff replied "Yes." Id. 7:19-21.

After the parties orally agreed to settle before Magistrate Judge Peterson, Plaintiff declined to sign the settlement agreement. See Berg Decl. ¶ 4. Following Plaintiff's former counsel's withdrawal, see ECF No. 28, Plaintiff obtained new counsel. See ECF No. 30. The Department has made several efforts to contact Plaintiff's new counsel but to no avail. See Berg. Decl. ¶¶ 4-5. Accordingly, the Department brought this motion.

II.   OPINION

A.   Legal Standard

Trial courts have an inherent power to enforce settlement agreements. See In re City Equities Anaheim, Ltd., 22 F.3d 954, 957 (9th Cir. 1994). Before the Court can enforce a settlement

2

1  agreement, two requirements must be satisfied.  First, the
2  agreement must be complete.  Callie v. Near, 829 F.2d 888, 890
3  (9th Cir. 1987).  Second, all parties must have directly agreed
4  to be bound by the terms of the settlement.  Harrop v. W.
5  Airlines, Inc., 550 F.2d 1143, 1144-45 (9th Cir. 1977).  This
6  second requirement is satisfied where a plaintiff participates in
7  a settlement conference, the material terms of the settlement
8  "were put on the record," and "in response to direct questioning
9  by the court, [the plaintiff] stated that she agreed with the
10 terms."  See Doi v. Halekulani Corp., 276 F.3d 1131, 1137-38 (9th
11 Cir. 2002).  In reaching this decision, the Ninth Circuit
12 recognized that an "oral agreement is binding on the parties,
13 particularly when the terms are memorialized into the record,"
14 "even if a party has a change of heart after she agreed to its
15 terms but before the terms are reduced to writing."  See id.
16 (internal citations omitted).
17      B.   Analysis
18      Plaintiff went into open court, heard the material terms of
19 the settlement agreement stated on the record, and when asked by
20 Judge Peterson whether he agreed to these terms, Plaintiff said
21 "Yes."  See Alyson Berg Decl., Ex. A 6:3-7:21. Magistrate Judge
22 Peterson replied to Plaintiff's agreement, "I will declare this
23 case to be settled."  Id. 7:22-23.  The agreement was complete,
24 and all parties directly agreed to be bound by the terms of the
25 settlement.  See Callie, 829 F.2d at 890; Harrop, 550 F.2d at
26 1144-45.
27      These facts are substantially similar to those underlying
28 Doi, where the plaintiff participated in a settlement conference

before a magistrate judge, the material terms of a settlement agreed were placed on the record, and plaintiff assented to the agreement by responding affirmatively when questioned by the magistrate judge. See Doi, 276 F.3d at 1137-38. The Ninth Circuit summarily rejected the plaintiff's attempt to rescind her settlement, and the court also held that it was proper for the district court to enforce the settlement agreement without first holding an evidentiary hearing. See id. at 1138-39. Accordingly, just as the Ninth Circuit held in Doi, "Any question as to [Plaintiff's] intent to be bound was answered when [he] appeared in open court, listened to the terms of the agreement placed on the record, and when pressed as to whether [he] agreed with the terms, said ['Yes.']" See id. at 1138. Plaintiff is bound by the terms of the settlement agreement reached in the settlement conference before Magistrate Judge Peterson.

### III. ORDER

For the reasons set forth above, the Court GRANTS the Department's motion and DISMISSES WITH PREJUDICE all causes of action in the FAC.

Dated:  March 17, 2025

*[signature: John A. Mendez]*
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE